### SCIURBA v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. October 23, 1903.)

1. STREET RAILROADS—INJURIES TO PEDESTRIANS—NEGLIGENCE—EVIDENCE.
    Plaintiff's deceased, a child five years of age, as he was coming from school with a companion, broke away from his companion, and ran across the street in front of an approaching car, was struck by the car, and killed. The companion testified that just as deceased got on the track he tripped and fell. The motorman had stopped at the preceding street crossing, and, though the car was going rapidly it was under control, and the speed was not excessive. There was no evidence that the motorman was not attending to his business, or that he did not stop the car as soon as possible after he had reason to suppose that deceased would attempt to cross in front of the car. One witness testified that deceased fell on the track when the car was only three feet distant, and the motorman testified that as soon as he saw the boy start to run across the street he applied the brake, put on the reverse, and used the sand box, and succeeded in stopping the car within five or six feet after deceased was struck. *Held*, that the evidence was insufficient to establish negligence on the part of the motorman.

Appeal from Trial Term, New York County.

Action by Carmelo Sciurba, as administrator of the estate of Antonio Sciurba, deceased, against the Metropolitan Street Railway

Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

See 76 N. Y. Supp. 772.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Arthur Ofner, for appellant.
Chas. G. F. Wahle, for respondent.

INGRAHAM, J. This action was brought to recover for the death of Antonio Sciurba, which was caused by one of the defendant's cars. The deceased, at the time of the accident, was about five years of age. He attended a primary school on the corner of 129th street and Amsterdam avenue. On the 12th of March, 1901, a few minutes before 12 o'clock, the deceased left the school in company with a child about 12 years of age. After leaving the school, they walked on Amsterdam avenue towards 129th street, when the deceased broke away from his companion, ran across the street in front of the approaching car, was struck by the car and killed. The deceased's companion testified that as the deceased got to the track he tripped and fell down; that the witness saw the car approaching, noticed the motorman of the car, who was standing on the front platform; that she could not say what the motorman was doing, but the only thing she remembered was that when he saw the child on the track he tried to stop, but could not. There were other witnesses who saw the accident, but none of them testified that the child fell. There is testimony that the car was going rapidly, but nothing to show that the speed was excessive, or that the motorman did not have the car under control; and there was nothing to show that the motorman was not attending to his business, and did not stop the car as quickly as possible as soon as, from the situation, he would have reason to suppose that the child would run in front of the car. There is, as usual in cases of this kind, considerable confusion in the minds of the witnesses as to the exact distance of the car from the deceased when he started from the sidewalk to run across the street. The deceased's companion further testified that as he ran on the track his toe caught in the slot on the track and he fell down; that the deceased was on the track, and the motorman was trying to stop the car; that it seemed to her that he slipped in the slot and fell down when the car was within a distance of three feet from where he fell. Another witness called by the plaintiff testified that she saw the boy step off the curb; that the car was then leaving the bakery on its way downtown; that it was going fast; that the boy was killed 25 feet below the main schoolhouse door; that the car was going at a downgrade, and was going fast, when the children were walking on the sidewalk. On behalf of the defendant the motorman testified that he stopped on the corner of 130th street; that he then started his car at half speed—about four miles an hour; that between 129th and 130th streets he was ringing his gong, and had the car under perfect control; that he noticed a boy running from the gutter in a southeasterly direction across the avenue; that as he went across the car was opposite him, and the bumper of the car,

before he got across, touched him in the center, and he fell down, and before the car was to a full stop he was under the bumper of the car; that when he first saw the boy the car was about four or five feet from the south door of the schoolhouse; that as soon as he saw the boy start to run he applied the brake, put on the reverse and used the sand box; that after the car hit the boy it went five or six feet; that when the boy was struck he was about 25 feet north of the north crossing of 129th street, and the motorman's testimony was corroborated by several other witnesses called for the defendant who were passengers upon the car, or were on the street in the immediate vicinity. At the close of the plaintiff's case, and also after all the testimony was in, the defendant moved to dismiss the complaint upon the ground that there was no negligence of the defendant proved, and that the accident was caused by the deceased running in front of the car. This motion was denied, and the plaintiff excepted.

Upon the evidence I can find nothing to justify a finding that the motorman was guilty of negligence. The evidence is entirely too conflicting and uncertain to justify a finding that the car was at such a distance from the deceased, when he started to run upon the track, that it could possibly have been stopped before running him down; on the contrary, it is quite evident that the deceased started to run upon the track immediately in front of the car; that, as soon as he was in a position which indicated that he was in danger, the motorman attempted to stop the car, and the accident that happened was one for which the motorman was not responsible. There is no evidence to justify a finding that the motorman was inattentive, or that the car was going at such a rate of speed past this schoolhouse as would indicate negligence. Some of the witnesses for the plaintiff testified that the car was going fast, but it is established beyond contradiction that the car stopped at the north side of 130th street; that it then proceeded on its way downtown; that the accident happened before the car had reached 129th street. The motorman was compelled to watch all of the people in the street as well as the deceased. He stopped the car within a very short distance after striking the boy, which would have been impossible had the car not been under control, and it follows that the accident was one which, under the circumstances, no care on the part of the motorman would have averted. The rule of law applicable to cases of this kind is well settled. The only difficulty that arises is in applying it to the facts in the particular case under consideration; but, to justify a recovery, the plaintiff must prove that the motorman failed to exercise the care of a prudent person under the existing circumstances, and that the accident resulted from a failure to exercise such care. There is no evidence in this record to justify such a finding.

It follows that the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.